UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DONTRELL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2393-JDT-cgc |
| | ) | |
| CEDRIC SCOTT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

On June 17, 2019, Plaintiff Adrian Dontrell Young, who is a pretrial detainee at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on June 20, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendants as Officers Cedric Scott, L. Elliot, D. Rodgers, First Name Unknown (FNU) Pree, and T. Halliburton; and Sergeant FNU Cleaves.

Young alleges that on March 21, 2019, he was sent to "the whole [sic]" for threatening staff. (ECF No. 1 at PageID 2.) One week later, on March 28, 2019, Sergeant Cleaves and Officers Elliot and Pree came to Young's cell and told him to change into a

jumpsuit.¹  (*Id.*)  Young protested being told to wear the jumpsuit.  (*Id.*)  Officer Scott allegedly entered the floor where Young was housed and stated, "Fuck that Bitch spr[a]y his ass."  (*Id.*)  Young alleges that he was handcuffed, and Elliot pulled back on his arms and pulled him into a closet, causing his wrists to bleed.  (*Id.*)  Pree also allegedly grabbed one of Young's arms, and Cleaves grabbed Young by the neck.  (*Id.*)  Officer Rodgers cuffed Young's legs together and pulled him to the ground.  (*Id.*)  Scott then sprayed Young with an unidentified substance while he was on the ground, and all the officers kicked him.  (*Id.*)

In an attachment Young filed with the Court, he alleges that "some of the officer's [sic]" are still bullying him.  (ECF No. 4 at PageID 17.)  He has requested to be moved to a different cell away from the control booth, but the Jail refused his request.  (*Id.*)  He alleges that Officer Pree has continued to abuse him, denied him recreation, "play[ed] with [his] food," and threatened him.  (*Id.*)  Pree on one occasion allegedly smashed a food tray containing foods to which Young is allergic in the security flap of Young's cell, causing food to fly around the cell.  (*Id.*)

Young seeks an investigation "to get to the bottom of this" and compensatory damages.  (ECF No. 1 at PageID 3.)

---

¹ Young clarifies in an attachment filed with the Court that inmates are made to wear a jumpsuit when they are charged with "major and habitual minor rule violations."  (ECF No. 6 at PageID 25.)

2

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Young filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Young intends to assert an official capacity claim against the officers, his claim is against their employer, Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal

policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Young does not allege that the officers assaulted him pursuant to an unconstitutional policy or custom of Shelby County. On the contrary, he alleges that the officers violated proper policies and procedures of the Jail when they assaulted him. (ECF No. 6 at PageID 25.) Young therefore does not state a claim against Shelby County or against any Defendant in his official capacity.

Young's allegations that the officers assaulted him amount to a claim of excessive force. Because Young was a pretrial detainee at the time of the assault, his claim must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a

reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Young alleges that, when the officers assaulted him, he was refusing to don a jumpsuit because, he alleges, he should not have been required to wear one. His allegations therefore suggest that he was disobeying an officer's orders, and the officers may have needed to use force. *See O'Hair v. Winchester Police Dep't*, No. 16-6235, 2017 WL 7240652, at *3 (6th Cir. Oct. 18, 2017) (noting that detainee who threatened officers and ignored their commands warranted use of force). However, his allegations do not suggest that his disobedience caused a security problem or that he was acting in a threatening manner.

Moreover, Young alleges that in response to his disobedience, the five officers pulled him to the ground, handcuffed him, sprayed him with an unidentified substance, and

6

kicked him. The Sixth Circuit has held that the continued use of force on a handcuffed inmate is objectively unreasonable under the Fourteenth Amendment. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 541 (6th Cir. 2015); *see also Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994) (holding that use of force after suspect had been incapacitated by mace would be excessive as a matter of law). The officers' acts, rather than showing a necessary use of force, suggest a gratuitous use of force amounting to punishment, which is prohibited against pretrial detainees. *See Kingsley*, 135 S. Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989), and *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). Taking Young's allegations as true, he states a Fourteenth Amendment claim of excessive force against Sergeant Cleaves and Officers Scott, Elliot, Rodgers, and Pree.

Young, however, does not allege any misconduct by Officer Halliburton and therefore fails to state a claim against him. *See Twombly*, 550 U.S. at 570 (noting that a complaint that fails to allege any action by a Defendant necessarily fails to "state a claim for relief that is plausible on its face").

Young also alleges that Officer Pree on a different occasion attempted to feed Young foods to which Pree knew Young is allergic and smashed Young's food tray against the security flap on Young's cell. As a pretrial detainee, Young is entitled to the same protection against cruel and unusual punishment as convicted inmates. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th

7

Cir. 2013)).[2] Thus, to state a claim under the Fourteenth Amendment, Young must satisfy both an objective and a subjective component. *Id.* at 937-38.

The objective component requires that the deprivation be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conditions of a prisoner's confinement may be considered cruel and unusual when they deprive inmates of "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prisoner must allege "extreme deprivations . . . to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

To satisfy the subjective component, Young "must demonstrate that the defendant possessed a sufficiently culpable state of mind." *Winkler*, 893 F.3d at 891 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). He must show that the Officer Pree acted with "deliberate indifference" to a substantial risk that Young would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. 837.

---

[2] Some circuits have modified the standard a pretrial detainee must meet to state a claim under the Fourteenth Amendment after *Kingsley*. *See Badger v. Chapman*, No. 16-2886-STA-EGB, 2018 WL 5777504, at *6 (W.D. Tenn. Nov. 2, 2018) (discussing cases). For purposes of screening, the Court will apply the Eighth Amendment's deliberate indifference standard to Young's Fourteenth Amendment conditions-of-confinement claim. *See id.*

Young does not state a claim regarding the incident involving Officer Pree. Pree's behavior may have been unprofessional, but Young does not allege that he suffered any injury or that his health or safety were at risk by Pree's actions. Nor does Young allege that Pree deprived him of an adequate diet. His allegation that he was denied one meal does not state a constitutional violation. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (isolated deprivations of food do not violate the Eighth Amendment).

In conclusion, the Court DISMISSES all of Young's official-capacity claims, all claims against Defendant Halliburton, and his claim against Defendant Pree concerning the food tray for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Young's Fourteenth Amendment excessive force claims against Sergeant Cleaves and Officers Scott, Elliot, Rodgers, and Pree in their individual capacities may proceed.

It is ORDERED that the Clerk shall issue process for Defendants Officer Cedric Scott, #9400; Officer L. Elliot, #9566; Officer D. Rodgers, #9458; Officer FNU Pree, #10123; and Sergeant FNU Cleaves, #10468, and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Scott, Elliot, Rodgers, Pree and Cleaves pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Young shall serve a copy of every subsequent document he files in this case on the attorneys for the Defendants or on the Defendants personally if they are unrepresented. Young shall make a certificate of service on every document he

files. Young shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Young is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.