# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DONTRELL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2393-JDT-cgc |
| | ) | |
| CEDRIC SCOTT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RE-SETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES

Before the Court the motion for summary judgment filed on December 9, 2020 by Defendants Cedric Scott, Lareko Elliot, Dedric Rogers, Demario Pree, and Carlus Cleaves (collectively, the Defendants). (ECF No. 29 (the Motion).) Plaintiff Adrian Dontrell Young's response in opposition to the motion was due on or before January 6, 2021. (*See* L.R. 56.1(b).) He did not timely file any response. For the reasons explained below, the motion is denied.

## I. PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

On October 30, 2019, the Court partially dismissed Plaintiff's 42 U.S.C. § 1983 complaint, allowing his Fourteenth Amendment excessive force claims to proceed against the Defendants, who are sued in their individual capacities. On May 1, 2020, the Defendants filed an answer to the complaint. (ECF No. 19.) By separate order entered this date, the Court issued an order that, *inter alia*, granted Plaintiff's motion to amend (ECF Nos. 13 & 23) and partially dismissed the amended complaint. What remains of the amended complaint is now the operative pleading in this case.

A.  Plaintiff's Factual Allegations

Plaintiff's amended complaint (ECF No. 13-2) alleges the Defendants approached his cell at the Shelby County Criminal Justice Complex (Jail) on March 28, 2019, and took him into a hall closet, telling him to change into a jumpsuit.  Because Cleaves was so aggressive, Plaintiff at first refused, throwing the jumpsuit into the hallway three times.  But he could tell from the Defendants' body language they were liable to assault him, so Plaintiff put on the jumpsuit and was placed back in handcuffs, posing no threat.  He tried to exit the closet but was yanked back inside by Elliot and Pree.  Cleaves put Plaintiff in a choke hold, cutting off his air supply.  While he tried to catch his breath, Scott sprayed him in the mouth and eyes with a chemical agent while Cleaves choked him harder.  When Cleaves finally released Plaintiff, Rogers struck Plaintiff repeatedly and others also kicked him.  (*Id.* at PageID 91-92.)

B.  Defendants' Assertions

Defendants' argue they are entitled to judgment in their favor because:  (1) Young cannot show a constitutional violation under § 1983; and (2) they are entitled to qualified immunity.  (ECF No. 29-2 at PageID 174-79.)  In support, their motion attaches:  (1) Jail security camera footage from various cameras at several locations inside the facility on March 28, 2019 (the Video) (*see* ECF No. 30; ECF No. 29-1 at ¶ 1); and (2) a Statement of Undisputed Material Facts (SUMF), which describes the chronology of events on the Video.  (ECF No. 29-1.)  Defendants contend the Video shows, *inter alia*: (1) that no officer kicked or struck Young during the incident (*id*. at ¶ 34); and (2) that a chemical agent was only used upon Young "after [he] had been continuously aggressive, resistant, and belligerent over a 12-minute period."  (*Id*. at ¶ 35.)  Defendants further contend the Video contradicts Plaintiffs' version of the incident.  (ECF No. 29-2 at PageID 171,

174, 177-78.)  However, their SUMF does not cite to supporting materials in the record.  (ECF No. 29-1.)

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  *Bruederle v. Louisville Metro. Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted).  "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)); *EEOC v. Ford Motor Co*., 782 F.3d 753, 760 (6th Cir. 2015) (en banc).

The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case.  *See* Fed. R. Civ. P. 56(c)(1); *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact."  *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth *specific facts* showing a triable issue of material fact."  *Mosholder*, 670 F.3d at 448-49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (emphasis added)).  The nonmoving party must do more than simply "'show that there is some metaphysical doubt as to the material facts.'"  *Lossia v. Flagstar Bancorp, Inc*., 895 F.3d 423, 428 (6th Cir. 2018) (quoting *Matsushita*, 475 U.S. at 586).

3

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).  A court must draw all reasonable inferences in favor of the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.  "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the nonmoving party must present evidence upon which a reasonable jury could find in [his or] her favor." *Tingle v. Arbor at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

## III.  ANALYSIS

Relying on the Video, Defendants argue that (1) their use of force during the incident was not constitutionally unreasonable and (2) they are entitled to qualified immunity.  (ECF No. 29-2 at PageID 176 ("the evidence shows that there was no constitutional injury at all" & PageID 179 ("the video evidence clearly shows that none of Plaintiff's constitutional rights were violated[,] [so] Defendants are entitled to qualified immunity").  (*See also* ECF No. 19 at PageID 124-25.)  On the record presently before it, the Court cannot agree.

With respect to the governing substantive law, the Court has previously described the applicable Fourteenth Amendment excessive force principles, which need not be re-stated here. (*See* ECF No. 8 at PageID 44-46.)  As to qualified immunity, that doctrine shields individual government officials "performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Spangler v. Wenninger, 388 F. App'x 507, 510 (6th Cir. 2010)* (internal citation omitted). A defense both to liability and to the suit itself, *Jones v. Sandusky Cnty., Ohio*, 541 F. App'x 653, 660 (6th Cir. 2013), qualified immunity involves a two-step inquiry. Courts exercise discretion in deciding the sequence in which to address them. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). First, viewing the facts in the light most favorable to a plaintiff, a court must determine whether an officer committed a constitutional violation. *Barton v. Martin*, 949 F.3d 938, 947-48 (6th Cir. 2020) (internal citation omitted). Second, if there is a constitutional violation, the court must determine whether that constitutional right was clearly established at the time of the event. *Id*. A right is clearly established when the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Even if an officer's actions amount to unconstitutional excessive force, qualified immunity will still apply if the violated right was not 'clearly established.'" *Pennington v. Terry*, 644 F. App'x. 533, 541 (6th Cir. 2016).

When a defendant raises the qualified immunity shield to § 1983 liability, the burden shifts to plaintiff to show that defendant is not entitled to it. *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 418 (6th Cir. 2015). To do so, a plaintiff must show that: (1) undisputed evidence gives rise to a constitutional violation; and (2) the right was clearly established at the time of the incident." *Rossell v. Armstrong*, No. 14-2737, 2018 WL 1788063, at **1, 5 (W.D. Tenn. Apr. 13, 2018) (internal citations omitted).

The Court recognizes that because Young failed to timely respond to the motion, Defendants' SUMF may be deemed undisputed for summary judgment purposes pursuant to Local

Rule 56.1(d).  *See* L.R. 56.1(d) ("Failure to respond to a moving party's statement of material facts . . . within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment").  However, Young's failure to timely oppose the motion does not absolve Defendants of their own obligations under summary judgment rules.

Local Rule 56.1 provides, in pertinent part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.  Each fact shall be set forth in a separate, numbered paragraph.  *Each fact shall be supported by specific citation to the record.*

L.R.6.1(a) (emphasis added).

Defendants' SUMF states that the three individuals who approached Plaintiff's cell at 9:40:50 a.m. on the Video's 107 E-Pod security camera footage are Pree, Rogers, and Elliot.  (ECF No. 29-1 at ¶ 3.)  However, Defendants do not submit any supporting citations to the record for this assertion—such as, for example, party or witness affidavits confirming the identities of persons shown at certain points on the Video.[1]

Without additional supporting materials for the SUMF, the Court cannot make at least two analyses that are necessary for disposition of the motion.  First, the Court cannot deem the SUMF's contentions as undisputed facts that are supported by the record, as Local Rule 56.1(a) requires.  Second, the Court cannot evaluate issues that are relevant to the motion, such as which Defendant took specific actions at particular points in time during the incident.  That determination that is material to "whether an officer committed a constitutional violation," *see Barton*, 949 F.3d at 947-

---

[1] The Court further notes there is no affidavit or other evidence that actually authenticates the Video.

6

48 – *i.e.*, the first prong of qualified immunity analysis.  The Court cannot use the Video to evaluate the constitutionality of incident participants' conduct without knowing whom the Video in fact portrays.[2]  Moreover, vague and non-specific identifiers in the SUMF, such as "the officers,"[3] only compound the uncertainty of the record presently before the Court.  Furthermore, the Court may not rely simply on an attorney's representations that proffered facts are true, as that would turn lawyers into fact witnesses, create a possible conflict of interest, and potentially disqualify counsel.[4]  (*See* ECF No. 29-1 at PageID 164 ¶ 2 (SUMF signed by Defendants' attorney stating "[T]he individuals described herein will be identified as follows: inmate Adrian Young, Officer Pree, Officer Rogers, Officer Elliot, and Sgt. Cleaves").)

Because Defendants have not provided the Court with undisputed material facts in compliance with applicable summary judgment rules, they have not demonstrated their entitlement to judgment as a matter of law under Fed. R. Civ. P. 56 or Local Rule 56.1.

---

[2] Defendants also suggest the Video discredits Plaintiff's version of the incident.  (*See* ECF No. 29-2 at PageID 171, 174, 177-78.)  In the summary judgment context, courts "should not accept 'visible fiction' that is 'so utterly discredited by the record that no reasonable jury could have believed' it."  *United States v. Hughes,* 606 F.3d 311, 319 (6th Cir. 2010) (quoting *Scott v. Harris,* 550 U.S. 372, 379-81 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").)  While the Court certainly acknowledges this governing precedent, the Video—without additional support in the record—does not establish that any facts are undisputed.

[3] (*See*, *e.g.*, ECF No. 29-1 at PageID 165-67, ¶13 ("Plaintiff is situated by the officers in the changing closet"), ¶ 15 ("the officers continue to attempt to reason with him"), ¶ 19 ("the officers . . . get the jumpsuit on Plaintiff"), ¶ 20 ("the officers attempt to re-handcuff him"), ¶ 21 (Plaintiff "invad[es] the personal space of the officers"), & ¶ 22 ("the officers subdue the Plaintiff . . . Plaintiff is sprayed").

[4] *See* Tenn. Sup. Ct. R. 3.7(a) ("A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services; or (3) disqualification of the lawyer would work substantial hardship on the client").

IV.  CONCLUSION

For all the reasons explained above, the Defendants' Motion for Summary Judgment (ECF No. 29) is DENIED without prejudice.  The Court grants leave for Defendants to re-file a dispositive motion if they choose, and discovery also will be re-opened for a brief period.

**Accordingly, the discovery deadline is hereby reset for November 30, 2021, and the dispositive motion deadline is reset for December 30, 2021.**

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE