UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ADRIAN DONTRELL YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 19-2393-SHM-cgc |
| | ) |
| CEDRIC SCOTT, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING MOTION OF DISCOVERY (ECF NO. 38) AND
DENYING PENDING MOTIONS (ECF NOS. 39 & 43)**

Before the Court are *pro se* Plaintiff Adrian Dontrell Young's[1] proposed amended complaints alleging claims under 42 U.S.C. § 1983 and Tennessee law. (ECF Nos. 39 & 43.) Because Young's proposed amended complaints are the third and fourth formulations of his claims in the case (*see* ECF Nos. 1 & 13-2), and because the five remaining Defendants in the case have answered the complaint (*see* ECF No. 19), the Court construes Young's amended complaints (ECF No. 39 (the "Proposed Amendment I") and ECF No. 43 (the "Proposed Amendment II")) as motions to amend the operative pleading in the case (*see* ECF No. 13-2). The Court considers the Proposed Amendment I and the Proposed Amendment II (ECF Nos. 39 & 43) as a consolidated motion to amend (the "MTA") for purposes of this Order.

For the reasons explained below, the MTA (ECF Nos. 39 & 43) is DENIED.

**I.      FACTUAL BACKGROUND**

---

[1] Young is presently confined at the Shelby County Criminal Justice Center (the "Jail"). (ECF No. 39 at PageID 242; *see also* https://apps.tn.gov/foil/details.jsp.)

The factual allegations on which Young bases his § 1983 claims are summarized in prior Orders of the Court and are not re-stated here. (*See* ECF No. 8 at PageID 40-41; ECF No. 35 at PageID 213-15; ECF No. 36 at PageID 230.)

## II.     PROCEDURAL BACKGROUND

On October 30, 2019, the Court partially dismissed Young's initial complaint and proceeded Young's Fourteenth Amendment excessive force claims against Sergeant Cleaves, Officer Scott, Officer Elliott, Officer Rogers, and Officer Pree (collectively, the "Five Defendants") in their individual capacities. (ECF No. 8 (the "First Screening Order").) On May 1, 2020, the Five Defendants filed an answer (ECF No. 19) to the initial complaint (ECF No. 1). On February 5, 2020, Young had filed a motion to amend the complaint (ECF No. 13) and a proposed amended complaint (ECF No. 13-2 (the "February Complaint")) that: (1) re-alleged the excessive force claim in Young's initial complaint, including claims against the previously-dismissed Officer Halliburton; (2) added new claims for assault, battery, negligence, failure to protect, failure to train, failure to supervise, inadequate medical care, retaliation, and inadequate prison grievance process (*id*. at PageID 94-100); and (3) added twenty-three Defendants (ECF No. 13 at PageID 82-83; ECF No. 13-1 at PageID 84-85; ECF No. 13-2 at PageID 87-89).

On September 15, 2021, the Court: (1) granted Young's February 5, 2020 motion to amend; (2) allowed Young's new details about his excessive force claim against the Five Defendants; (3) proceeded Young's claims against the Five Defendants for assault, battery, negligence, and negligent failure-to-protect under Tennessee law; and (4) dismissed all other claims in the amended complaint with prejudice for failure to state a claim on which relief may be granted. (ECF No. 35 (the "Second Screening Order") at PageID 225.) Pursuant to the Second Screening Order, the February Complaint (ECF No. 13-2) is Young's operative pleading. (ECF No. 35 at PageID 225.)

On December 9, 2020, the Five Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 29 (the "MSJ").) On September 15, 2021, the Court denied the MSJ. (ECF No. 36.)

On October 6, 2021, Young filed a "motion of discovery … to add grievances of events, places, people, dates, times, appeals, inmate grievances, investigation response letters, and other information to better help the government officials involvements [sic]." (ECF No. 38 at PageID 239.) The motion of discovery lists over fifty grievance numbers, but not the grievances' contents. (*Id*. at PageID 239-40.) To the extent Young asks the Court to consider the motion of discovery in screening the MTA under the PLRA, *see id*. at PageID 240, the Court GRANTS the motion of discovery (ECF No. 38).

Young filed the Proposed Amendment I on October 6, 2021 (ECF No. 39) and the Proposed Amendment II (ECF No. 43) on December 27, 2021.

The Proposed Amendment I: (1) alleges claims for excessive force, denial of medical care, assault, battery, and negligence (ECF No. 39 at PageID 242); (2) sues the Five Defendants and twenty of the Defendants sued in Young's February 5, 2020 motion to amend[2] (*id*. at PageID 242-44); and (3) seeks "damages and injunctive relief for physical, mental, and emotional abuse" (*id*. at PageID 242-44 & 254-55) and declaratory relief. (*Id*. at PageID 254-55.)

The Proposed Amendment II: (1) sues the Five Defendants (ECF No. 43 at PageID 498); (2) alleges additional facts in support of Young's excessive force claim against the Five

---

[2] In addition to the Five Defendants, the Amendment I sues: WellPath; Dr. Web; B. Jones; F/N/U Brown Taylor; F/N/U Youngblood; Sergeant Buford; Sergeant Evers; Sergeant F/N/U Williams; A. Reed; Sergeant Bunting; Lieutenant Vagener; Lieutenant Hampiton; Lieutenant Hollierman; Lieutenant Anderson; T. Halliburton; Sheriff Floyd Bonner; Chief Kirk Fields; Internal Affairs F/N/U Katron; Shelby County Sheriff's Office (the "SCSO"); and the Jail. (ECF No. 39 at PageID 242-44.)

Defendants (*id*. at PageID 498); and (3) alleges "affirmative and other defenses" on Young's behalf.  (*Id*. at PageID 499-500.)

**III.    ANALYSIS**

Rule 15(a) of the Federal Rules of Civil Procedure allows amended pleadings before trial on the following conditions:

> (1)  Amending as a Matter of Course -- A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)  Other Amendments -- In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

**A.    Young Cannot Amend As A Matter Of Course Under Rule 15(a)(1)**

At the time of the Proposed Amendment I (ECF No. 39 (filed on October 6, 2021)), more than twenty-one days had passed after service of the complaint on Elliott, Rogers, and Scott.  (ECF No. 15 (served on March 3, 2020).)  Young cannot amend as a matter of course under Fed. R. Civ. P. 15(a)(1)(A).

The complaint is a pleading to which a responsive pleading is required.  *See* Fed. R. Civ. P. 12.  At the time of the Proposed Amendment I and the Proposed Amendment II, more than twenty-one days had passed after (1) the Five Defendants had filed an answer (ECF No. 19 (filed on May 1, 2020)) and (2) the Five Defendants had moved for summary judgment (ECF No. 29 (filed on December 9, 2020)).  Young cannot amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Because Young cannot amend his claims as a matter of course under Rule 15(a)(1), he may amend only with leave of Court pursuant to Rule 15(a)(2).

### B. The Court Denies Leave To Amend Because The Claims In Proposed Amendment I And Proposed Amendment II Are Futile

Leave should be granted under Rule 15(a)(2) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citation omitted).

The MTA (ECF Nos. 39 & 43) is DENIED because Young's claims in Proposed Amendment I and Proposed Amendment II are futile and could not withstand a Rule 12(b)(6) motion to dismiss. The MTA repeats the February Complaint's claims. The record suggests Young believes that, by re-filing those claims, he can obtain a different result. He cannot.

(1) *Claim Against Brown Taylor, Bunting, Williams, Reed, Vagener, Hampiton, Hollierman, And Anderson*: The February Complaint does not allege any conduct by Brown Taylor, Bunting, Williams, Reed, Vagener, Hampiton, Hollierman, or Anderson (collectively, the "Seven Defendants"). (ECF No. 35 at PageID 216.) The Second Screening Order dismissed the February Complaint's claims against the Seven Defendants for that reason. (*Id.*) The February Complaint alleges that the SCSO generally failed to adequately train, supervise, and discipline staff, including training about the use of chemical agents on inmates. (ECF No. 13-2 at PageID 92 & 94.) The Second Screening Order treated that allegation as a claim against Shelby County, which Young failed to support with facts. (ECF No. 35 at PageID 218.) For that reason, the

Second Screening Order dismissed the February Complaint's claim of failure to train and supervise. (*Id.*)

The MTA alleges that the Seven Defendants "fail[ed] to take action to adequately train, discipline, and supervise staff and supervisors and to curb the physical abuse of inmates," including training about use of chemical agents on inmates. (ECF No. 39 at PageID 249 & 254.) The MTA sues the Seven Defendants in their individual capacities. (*Id.* at PageID 243.) Young does not allege facts demonstrating the Seven Defendants' supposed failure to train and supervise. Young's conclusory contention that the Seven Defendants "fail[ed] to take action to adequately train and supervise staff" does not demonstrate that the Seven Defendants directly participated or implicitly authorized, approved, or acquiesced in the supposedly wrongful behavior described in the MTA. (ECF No. 39 at PageID 239, 252 & 254.) Absent evidence of personal involvement in the alleged underlying misconduct, a county official defendant cannot be individually liable based on his failure to train or supervise. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646–48 (6th Cir. 2012). The Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees ... 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (citation omitted).

Even assuming that the Seven Defendants had some responsibility for developing or implementing policies at the Jail, which the MTA does not clearly allege, the Seven Defendants cannot be held liable for money damages. The Seven Defendants were not personally involved in the underlying events at issue. *See Heyerman*, 680 F.3d at 647–48.

The MTA alleges no new or different facts that alter the Second Screening Order's conclusion about Young's claim of failure to train and supervise against the Seven Defendants.

The motion of discovery's list of grievance numbers and investigation letter dates, *see* ECF No. 38, does not allege facts that support the MTA's claim of failure to train and supervise. The MTA's claim of failure to train and supervise against the Seven Defendants fails to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

      (2)    <u>*Claim Of Inadequate Grievance Process*</u>:  The February Complaint alleged an inadequate prison grievance process that arose from: (i) Jones's oversight of disciplinary hearings for Young's grievances about Youngblood; (ii) Youngblood's denial of Young's grievances against Youngblood; and (iii) Davis, Field, Bonner, and Katron's failure to "d[o] [or] sa[y]" anything about Young's grievances. (ECF No. 35 at PageID 224.) The Second Screening Order dismissed Young's claim of inadequate grievance process at the Jail. (*Id.*)

The MTA re-alleges that: (i) Jones "was the [disciplinary hearing] coordinator on [Young's] grievance"; (ii) Youngblood issued a false disciplinary report about Young; (iii) Davis, Field, Bonner, and Katron took no action on Young's grievance. (ECF No. 39 at PageID 244-45.) Young alleges that Buford, as "the sergeant," knew the true facts underlying Youngblood's false disciplinary report about Young. (*Id.*)

The MTA alleges no new or different facts that alter the Second Screening Order's conclusion about Young's claim of inadequate prison grievance process. "[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). The MTA cites no intervening change in governing law, after the entry of the Second Screening Order, that alters the Second Screening Order's conclusions about Young's claim of inadequate grievance process. The motion of discovery's list of grievance

7

numbers and investigation letter dates, *see* ECF No. 38, does not allege facts that demonstrate a cognizable claim for inadequate prison grievance process.

The MTA's claim of inadequate prison grievance process fails to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

(3)   *Claims Against The Jail, The SCSO And Shelby County*:  The February Complaint alleges that the SCSO failed to take disciplinary action against the Defendants who assaulted Young, who failed to intervene to stop that assault, and who failed to adequately train employees on the use of chemical agent.  (ECF No. 13-2 at PageID 96-97.)  The February Complaint alleges that the Jail breached a duty of care to protect inmates from assault, battery, and abuse.  (*Id*. at PageID 95 & 98.)  The Second Screening Order construed these claims against the Jail and the SCSO as claims against Shelby County.  (ECF No. 35 at PageID 217.)  The Court dismissed the claims against the Jail, the SCSO and Shelby County.  The February Complaint alleges no facts demonstrating the elements of municipal liability under § 1983.  (*Id*. at PageID 217-18.)

The MTA re-alleges that the Jail owes a duty to protect all inmates and that the SCSO is "on notice of abusive conduct of the of[fi]c[ers] and supervisor[s] … but has failed to take disciplinary action against them."  (ECF No. 39 at PageID 247 & 250.)  The MTA alleges no new or different facts that alter the Second Screening Order's conclusion about Young's claims against the Jail, the SCSO and Shelby County. The MTA's factual allegations echo the February Complaint's allegations.  (*See id*. at PageID 251 (alleging unsupported and conclusory contention that the SCSO "fail[ed] to take disciplinary or other actions to curb the known pattern of physical abuse of inmates"); and *id*. (vaguely alleging "breach of municipal policy and duty").  The MTA alleges insufficient facts demonstrating a specific municipal policy or custom by which Young incurred a constitutional deprivation.  *See Monell v. Dep't. of Soc. Serv*., 436 U.S. 658, 691 (1978).

The motion of discovery's list of grievance numbers and investigation letter dates, *see* ECF No. 38, does not allege facts that demonstrate an unconstitutional municipal policy or injury from implementation of any such policy.

The MTA's claims against the Jail, the SCSO, and Shelby County fail to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

(4) <u>*Claim Of Excessive Force*</u>: The MTA re-alleges Young's factual details about the alleged assault on which Young bases his excessive force claim. (ECF No. 39 at PageID 246-47.) The Court has already allowed Young's Fourteenth Amendment excessive force claim to proceed against the Five Defendants in their individual capacities. (ECF No. 8 at PageID 48; ECF No. 35 at PageID 218 & 225.)

In re-alleging facts about the supposed use of excessive force, the MTA seeks to sue Halliburton, who was previously dismissed from the case. (ECF No. 39 at PageID 243; *see* ECF No. 35 at PageID 225.) Like the February Complaint, the MTA does not sufficiently allege that Halliburton engaged in specific misconduct. (ECF No. 13-2 at PageID 91-94 (Haliburton "knew and disregarded an excessive risk to inmates"); ECF No. 39 at PageID 243 (Halliburton was an "officer at [the Jail] employed by [the] SCSO").) The MTA's allegations against Halliburton fail to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

The MTA mentions the Jail, the SCSO, and Shelby County in re-alleging facts about the supposed use of excessive force. (ECF No. 39 at PageID 247.) The MTA does not, however, allege Young suffered injury during the alleged assault because of the Defendants' execution of an unconstitutional municipal policy. On the contrary, the MTA describes proper policies and procedures at the Jail. (*See* ECF No. 39 at PageID 251 (alleging "their policy [is] 'inmates have the right to a safe and secure environment, sound employee practices, and the right to [be] safe and

protected from unwarranted assault, abuse, and battery").) The February Complaint suffered from the same pleading defect. (*See* ECF No. 8 at PageID 44.) The MTA alleges no new or different facts that alter the First and Second Screening Orders' conclusions about Young's claim of excessive force. (*See id.*; ECF No. 35 at PageID 217-18.) The motion of discovery's list of grievance numbers and investigation letter dates, *see* ECF No. 38, does not demonstrate facts that support a cognizable claim for use of excessive force. The MTA's allegations of excessive force by the Jail, the SCSO, and Shelby County fail to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In re-alleging facts about the supposed use of excessive force, the MTA repeats the February Complaint's vague statement that "Cleaves, Pree, Elliott, Rogers *and etc.* …" were involved in the assault on Young. (ECF No. 13-2 at PageID 91 (emphasis added); ECF No. 39 at PageID 246 (emphasis added).) As the Second Screening Order concluded, Young's use of "etc." does not meet the pleading requirements of § 1983 or Fed. R. Civ. P. 8(a). (*See* ECF No. 35 at PageID 218-19.) Young may not make vague claims against a universe of unspecified "etc." parties who have no notice of claims against them. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012). Young does not cite an intervening change in the relevant law, after the entry of the Second Screening Order, that alters that Order's conclusion about Young's use of "etc." The MTA's allegations of excessive force against "etc." fail to state a claim to relief and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

(5)     *Claim Of Inadequate Medical Care*:  The February Complaint alleges: (i) Young did not receive proper medical care for the broken arm (the "Arm") he suffered during the March 28, 2019 assault at the Jail; and (ii) Young did not receive follow-up care for a sexually-transmitted disease ("STD"). The February Complaint alleges no facts demonstrating a causal relationship

10

between the STD and the March 28, 2019 assault.  (ECF No. 13-2 at PageID 97-99.)  The Second Screening Order concluded that: (i) Young failed to allege sufficient facts demonstrating the Eighth Amendment's subjective prong for Young's claim against Dr. Web about the Arm; and (ii) Young failed to allege sufficient facts demonstrating the Eighth Amendment's objective and subjective prongs for Young's claim about the STD.  (ECF No. 35 at PageID 221.)

The MTA alleges Dr. Web "fail[ed] to provide follow-up examination and treatment of the … [A]rm [and] also physical therapy for [the] [STD] cause[d] from the [D]efendants['] assault and battery."  (*Id*. at PageID 249.)  Like the February Complaint, the MTA does not allege Dr. Web ever examined Young or knew about the Arm or the STD.  Like the February Complaint, the MTA alleges only that Dr. Web is generally responsible for ensuring that inmates receive follow-up treatment.  (*Id*. at PageID 249 & 252-53; *cf*. ECF No. 13-2 at PageID 97-99.)  The MTA's broad allegation that Dr. Web "fail[ed] to provide follow-up examination and treatment" of the Arm does not demonstrate that Dr. Web examined Young or knew about the Arm.  The MTA alleges no new or different facts that alter the Second Screening Order's conclusion that Young insufficiently alleges facts demonstrating the subjective component of an Eighth Amendment inadequate-medical-care claim about the Arm against Dr. Web.

The MTA alleges that Dr. Web and WellPath failed to provide "physical therapy for [Young's] [STD] cause[d] from the assault and battery."  (ECF No. 39 at PageID 249.)  Like the February Complaint, the MTA does not allege facts about Young's symptoms, their severity, or the alleged STD diagnosis date.  The MTA's allegation that the STD warranted "physical therapy," *see id*., is, at most, a disagreement about the course of treatment, which does not rise to the level of an Eighth Amendment violation.  (*See* ECF No. 35 at PageID 221 (internal citation omitted).)  The MTA does not allege facts demonstrating a serious medical condition for the Eighth

11

Amendment's objective prong. The MTA's blanket, and oft-repeated, allegation that Dr. Web and WellPath "failed to provide follow-up examination" does not allege facts demonstrating that any Defendant had a "sufficiently culpable state of mind" for purposes of the Eighth Amendment's subjective prong. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). (ECF No. 39 at PageID 249, 252, 253 & 254.) The motion of discovery's list of grievance numbers and investigation letter dates, *see* ECF No. 38, does not allege facts that demonstrate either prong of an Eighth Amendment claim for inadequate medical care. The MTA alleges no new or different facts that alter the Second Screening Order's conclusion about Young's claim against Dr. Web and WellPath for inadequate medical care about the STD.

The MTA's claim of inadequate medical care for the Arm and the STD fails to state a claim on which relief may be granted and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

(6)     *Claim Of Retaliation*:  The February Complaint alleges: (i) Youngblood submitted a false disciplinary report about Young on February 14, 2019, in retaliation for Young's grievance about Buford; (ii) Youngblood provoked Young into misconduct on February 15, 2019, which resulted in another disciplinary report about Young; and (iii) Young was housed in an unsanitary cell for thirty days because of his grievances about Youngblood. (ECF No. 13-2 at PageID 88-90.) The Second Screening Order dismissed Young's claim of retaliation because the February Complaint did not demonstrate a causal connection between (i) Young's grievances and the (ii) disciplinary reports or cell assignment. (ECF No. 35 at PageID 223-24.)

The MTA re-alleges the February Complaint's retaliation claim. (ECF No. 39 at PageID 244-46.) Like the February Complaint, the MTA does not allege that, at the time of the February 14, 2019 disciplinary report or at the time of Young's cell re-assignment, Youngblood: (i) said

anything to Young about the Buford grievance (*see* ECF No. 39 at PageID 244); (ii) threatened to retaliate (*see id.*); or (iii) knew Young had filed a grievance against Buford (*see id.*). Youngblood's supposedly false disciplinary reports occurred in mid-February 2019, more than a month after the January 3, 2019 "altercation" between Young and Youngblood. (*See id*. at PageID 244.) Neither the MTA (ECF Nos. 39 & 43) nor the motion of discovery (ECF No. 38) allege facts demonstrating close temporal proximity between (i) Young's grievances and (ii) the disciplinary reports or cell re-assignment, from which to infer a retaliatory motive. The MTA alleges no new or different facts that alter the Second Screening Order's conclusion about Young's retaliation claim.

The MTA's claim of retaliation is subject to dismissal for failure to state a claim on which relief may be granted and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

(7) *Claims Of Assault, Battery And Negligence Under Tennessee Law*: To the extent the MTA asserts claims under Tennessee law for assault, battery, and negligence, *see* ECF No. 39 at PageID 254, the Second Screening Order proceeded those claims against the Five Defendants. (ECF No. 35 at PageID 225.) The MTA alleges no new or different facts that alter the Screening Order's conclusion about the February Complaint's claims of assault, battery, and negligence.

### IV. CONCLUSION

For the reasons explained above:

A. The Court GRANTS the motion of discovery (ECF No. 38) to the extent Young asks the Court to consider the motion's contents in screening the MTA under the PLRA.

B. The Court DENIES the MTA (ECF Nos. 39 & 43) WITH PREJUDICE because: (1) Young cannot amend as a matter of right under Fed. R. Civ. P. 15(a)(1); and (2) leave to amend is not warranted under Fed. R. of Civ. P. 15(a)(2) because the MTA's claims (a) would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and (b) are therefore futile.

13

C. The Court DENIES leave to amend. The Proposed Amendment I and the Proposed Amendment II are Young's third and fourth attempts to allege his claims in the case. Young need not be given another opportunity to state his claims. To do so would (1) cause the Five Defendants to suffer unfair prejudice and (2) inappropriately divert the Court's time and resources from the expeditious resolution of the case.

D. The February Complaint (ECF No. 13-2) REMAINS the operative pleading in the case. (*See also* ECF No. 35 at PageID 225 (concluding that "the claim against [the Five] Defendants for excessive force under § 1983 and for assault, battery, negligence, and negligent failure to protect under Tennessee law" shall proceed).

IT IS SO ORDERED, this 9th day of June 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE