IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DONTRELL YOUNG, | ) ) ) | |
| Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | No. 2:19-cv-2393 |
| CEDRIC SCOTT, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This is a prisoner's rights case. Pro se plaintiff Adrian Dontrell Young brings constitutional claims pursuant to 42 U.S.C. § 1983 and state law claims under Tennessee law against Defendants Cedric Scott, Lareko Elliot, Dedric Rogers, Demario Pree, and Carlus Cleaves (collectively, the "Defendants.") (ECF No. 23.) Before the Court are two Motions: Defendants' Second Motion for Summary Judgment (ECF No. 46) and Young's Motion for Extension of Time to File Additional Motion. (ECF No. 48.) For the following reasons, Defendants' Motion is GRANTED and Young's Motion is DENIED.

## I.   Background

The following facts are undisputed.[1]

Young's claims stem from a March 28, 2019 incident at the Shelby County Criminal Justice Complex (the "Jail.")  Young was being held in the first floor "E-Pod" as a pretrial detainee. (ECF No. 46-1.)  Defendants were all officers at the Jail. Cleaves, Elliot, and Pree went to Young's cell and asked Young to put on a jumpsuit as required by Jail policy. (Id.)  Young repeatedly refused to wear the jumpsuit.  Cleaves, Elliot, and Pree spent a few minutes trying to convince Young to put on the jumpsuit without success.  The officers handcuffed Young and led him to the changing closet.  Young resisted as he was being escorted to the closet.  Once Young arrived at the changing closet, Cleaves again asked Young to put on the jumpsuit. Eventually Young put it on.  When the officers tried to re-handcuff Young, Young struggled and shouted at the officers. (Id.)  After a few seconds, Elliot pushed Young back into the changing closet.  Young was sprayed, taken to the floor, and handcuffed.  Scott entered the closet to help Elliot subdue

---

[1] Young has not responded to Defendants' Second Motion for Summary Judgment.  "When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of the instant motion of summary judgment."  Jones v. City of Franklin, 677 F. App'x 279, 285 (6th Cir. 2017).

2

Young.  (Id.)  Young continued to resist, kicking and jerking violently.  Eventually Young stopped resisting and Pree and Elliot escorted him to the medical examination room.  (Id.)  The entire incident lasted roughly 12 minutes.

On February 5, 2020, Young filed his Amended Complaint, asserting claims of excessive force, assault, battery, negligence, failure to protect, train, and supervise, inadequate medical care, retaliation, and inadequate grievance process. (ECF No. 13.)  On September 15, 2021, the Court screened the Amended Complaint, dismissing all claims except the excessive force claim under § 1983, and the assault, battery, negligence, and negligent failure to protect under Tennessee law.  (ECF No. 35.)  The same day, the Court denied without prejudice Defendants' pending Motion for Summary Judgment because Defendants had not provided the Court with undisputed material facts and because Young had not yet seen the video evidence on which Defendants relied.  (ECF No. 36.)  The Court reopened discovery, ordered Defendants to send the video evidence to Young, and reset the dispositive motion deadline to December 30, 2021.  (ECF Nos. 35, 36.)  The Court gave Young sixty days to respond to any renewed motion for summary judgment.  (ECF No. 36.)  Defendants filed their Second Motion for Summary Judgment on December 29, 2021.  (ECF No. 46.)

Beginning on January 27, 2022, Young was given nine opportunities to view the video evidence. (ECF No. 50.) On February 2, 2022, Young filed his Motion for Extension of Time to File Additional Motions, arguing that he had not yet seen the video evidence. (ECF No. 48.) Defendants responded on May 20, 2022 (ECF No. 50.) Young has not responded to the Second Motion for Summary Judgment.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Viet v. Le, 951 F.3d 818, 823 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for [him].'" EEOC v.

4

Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 915 (6th Cir. 2009)). The nonmoving party "must show that there is more than 'some metaphysical doubt as to the material facts.'" Goodman v. J.P. Morgan Inv. Mgmt., Inc., 954 F.3d 852, 859 (6th Cir. 2020) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. Celotex Corp., 477 U.S. at 324. Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. See Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." Wimbush v. Wyeth, 619 F.3d 632, 636 (6th Cir. 2010).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut."

5

FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**III. Analysis**

    **A.  Motion for Extension of Time**

Young argues that he needs more time to file additional motions because he has not seen the video evidence. (ECF No. 48.) He says the video was confiscated as soon as it was delivered to the Jail. Defendants have provided evidence that shows Young has viewed the video on nine separate occasions: January 27, 2022; January 28, 2022; February 11, 2022; February 24, 2022; March 3, 2022; March 11, 2022; March 18, 2022; March 24, 2022; and March 31, 2022. (ECF No. 50.) The nine viewing sessions together lasted more than sixteen hours. (Id.)

Young has had ample time to view the video evidence. He was given enough time to see the evidence and respond to the Second Motion for Summary Judgment. Young's Motion for Extension of Time is DENIED.

    **B.  Motion for Summary Judgment**

Defendants argue for summary judgment on Young's claim of excessive force because Young cannot show a constitutional violation, and even if he could, qualified immunity shields Defendants from liability. (ECF No. 46-2.)

As a pretrial detainee, Young's claim is analyzed under the Fourteenth Amendment's objective reasonableness inquiry, which

6

turns on the facts and circumstances of each particular case. Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). A court assesses the reasonableness of a use of force from "the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). A court considers several factors under the objective reasonableness inquiry, including:

> the relationship between the need for use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer and whether the plaintiff was actively resisting.
>
> Id.

"On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)). In those situations, the Court asks "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Here, it is undisputed that force was used only after Young resisted Defendants' attempts to re-handcuff him.

7

Young had been aggressive and belligerent, yelling at the officers who asked him to put on his jumpsuit. Young continued to kick out violently at the Defendants as he was sprayed, taken to the floor, and handcuffed.

The use of force here was appropriate and necessary to control the situation. The Defendants showed patience as Young repeatedly refused to wear his jumpsuit. The force used was applied in a good-faith effort to restore discipline, not maliciously and sadistically to cause harm.

The Defendants did not use excessive force in violation of Young's Fourteenth Amendment rights. The Second Motion for Summary Judgment is GRANTED. Defendants have not moved for summary judgment on Young's claims under Tennessee law, and those claims remain.

**IV. Conclusion**

For the foregoing reasons, Defendants' Second Motion for Summary Judgment is GRANTED, and Young's Motion for Extension of Time is DENIED.

SO ORDERED this 15th day of June, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE