IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ADRIAN DONTRELL YOUNG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | No. 2:19-cv-2393 |
| CEDRIC SCOTT, ET AL., | | |
| Defendants. | | |

**ORDER**

This is a prisoner's rights case.  Pro se plaintiff Adrian Dontrell Young brings claims under Tennessee law against Defendants Cedric Scott, Lareko Elliot, Dedric Rogers, Demario Pree, and Carlus Cleaves (collectively, the "Defendants"). (ECF No. 23.)  Before the Court is Defendants' Motion for Summary Judgment on Young's State Law Claims (the "Motion"). (ECF No. 54.)  For the following reasons, the Motion is GRANTED.

**I.   Background**

The following facts are undisputed.[1]

---

[1] Young has not responded to the Motion.  "When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of the instant motion of summary

Young's claims arise from a March 28, 2019 incident at the Shelby County Criminal Justice Complex (the "Jail"). Young was being held in the first floor "E-Pod" as a pretrial detainee. (ECF No. 46-1.) Defendants were all officers at the Jail. (Id.) Cleaves, Elliot, and Pree went to Young's cell and asked Young to put on a jumpsuit as required by Jail policy. (Id.) Young repeatedly refused to wear the jumpsuit. Cleaves, Elliot, and Pree spent a few minutes trying to convince Young to put on the jumpsuit without success. The officers handcuffed Young and led him to the changing closet. Young resisted as he was being escorted to the closet. Once Young arrived at the changing closet, Cleaves again asked Young to put on the jumpsuit. Eventually Young put it on. When the officers tried to re-handcuff Young, Young struggled and shouted at the officers. (Id.) After a few seconds, Elliot pushed Young back into the changing closet. Young was sprayed, taken to the floor, and handcuffed. Scott entered the closet to help Elliot subdue Young. (Id.) Young continued to resist, kicking and jerking violently. Eventually, Young stopped resisting and Pree and Elliot escorted him to the medical examination room. (Id.) The entire incident lasted roughly 12 minutes.

---

judgment." Jones v. City of Franklin, 677 F. App'x 279, 285 (6th Cir. 2017).

On August 25, 2020, Young amended his Complaint, asserting claims of excessive force, assault, battery, negligence, negligent failure to protect, train, and supervise, inadequate medical care, retaliation, and inadequate grievance process. (ECF No. 23.) On September 15, 2021, the Court screened the Amended Complaint, dismissing all claims except the excessive force claim under 42 U.S.C. § 1983, and the assault, battery, negligence, and negligent failure to protect claims under Tennessee law. (ECF No. 35.) The same day, the Court denied without prejudice Defendants' pending Motion for Summary Judgment because Defendants had not provided the Court with undisputed material facts and because Young had not yet seen the video evidence on which Defendants relied. (ECF No. 36.) The Court reopened discovery, ordered Defendants to send the video evidence to Young, and reset the dispositive motion deadline to December 30, 2021. (ECF Nos. 35, 36.) The Court gave Young sixty days to respond to any renewed motion for summary judgment. (ECF No. 36.)

Defendants filed their Second Motion for Summary Judgment on December 29, 2021. (ECF No. 46.) The Second Motion for Summary Judgment sought summary judgment only on Young's § 1983 excessive force claim. (Id.) The Court granted Defendants' Second Motion for Summary Judgment on June 15, 2022. (ECF No. 52.) Defendants filed the present Motion on June 24, 2022,

seeking summary judgment on the remaining state law claims. (ECF No. 54.) On July 19, 2022, mail sent to Young was returned as undeliverable.[2] (ECF No. 59.) Young has not responded to the Motion.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Viet v. Le, 951 F.3d 818, 823 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the

---

[2] On May 2, 2022, Young asked for more time to respond to Defendants' December 29, 2021 Motion for Summary Judgment. (ECF No. 49.) In Young's Motion, Young said that he needed more time because "at any given time any given moment can and will be relocated to 1045 Mullin Station Road 38134 Shelby County of Division of Correction (SCDC) Jail in Memphis, TN." (Id.) Young has not filed notice with the Clerk's Office about any change of address. See L.R. App. A. 3.4.

4

plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for [him].'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 915 (6th Cir. 2009)).  The nonmoving party "must show that there is more than 'some metaphysical doubt as to the material facts.'" Goodman v. J.P. Morgan Inv. Mgmt., Inc., 954 F.3d 852, 859 (6th Cir. 2020) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

    A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings.  Celotex Corp., 477 U.S. at 324.  Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor.  See Fed. R. Civ. P. 56(c)(1).  The Court does not have the duty to search the record for such evidence.  See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).  "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." Wimbush v. Wyeth, 619 F.3d 632, 636 (6th Cir. 2010).

    Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of

5

every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

### III. Analysis

#### A. Battery and Assault

Battery is an "intentional act that causes an unpermitted, harmful or offensive bodily contact." Spearman v. Shelby Cnty. Bd. Educ., 637 S.W.3d 719, 734 (Tenn. Ct. App. 2021)(internal citations and quotations omitted). Offensive bodily contact is "contact that infringes on a reasonable sense of personal dignity ordinarily respected in a civil society." Dillingham v. Millsaps, 809 F.Supp.2d 820, 855 (E.D. Tenn. 2021) (citing Doe v. Mama Taori's Premium Pizza, 2001 WL 327906, at *4 (Tenn. Ct. App. Apr. 21, 2001)). When a plaintiff asserts a battery claim under Tennessee law that arises from the same use of force as his § 1983 excessive force claim, the analysis is the same for both causes of action. Griffin v. Hardick, 604 F.3d 949, 956 (6th Cir. 2010). Under both inquiries, the officer's use of force must be "clearly excessive." Id. (citing Lee v. Metro Gov't Nashville & Davidson Cnty., 596 F.Supp.2d 1101, 1118 (M.D. Tenn. 2009)).

The Court has held that Defendants did not use excessive force in violation of Young's Fourteenth

6

Amendment rights. (ECF No. 52 at 8.) Like Young's § 1983 claim, Young's battery claim fails because the undisputed facts show that Defendants did not use excessive force. The Motion is GRANTED on Young's battery claim.

A defendant commits assault when he intends to create an apprehension of harm in a plaintiff. Hughes v. Metro. Gov't Nashville & Davidson Cnty., 430 S.W.3d 352, 371 (Tenn. 2011). The undisputed facts do not show that Defendants intended to create an apprehension of harm in Young. The facts demonstrate only that Defendants intended to re-establish control over the situation and get Young to put on his jumpsuit. The Motion is GRANTED on Young's assault claim.

**B.  Negligence and Negligent Failure to Protect**

A prima facie claim of negligence requires a showing of: (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. Morrison v. Allen, 338 S.W.3d 417, 437 (Tenn. 2011) (internal citation and quotations omitted).

Prison officials have a duty to exercise ordinary and reasonable care to protect the life and health of the persons in their custody. Gilliam v. Williamson Cnty.,

7

1994 WL 719815, at *3 (Tenn. Ct. App. Dec. 30, 1994) (citing Restatement (Second) of Torts § 314A(4)(1976)).  Defendants did not breach that duty.  Defendants were patient with Young when he refused to put on his jumpsuit.  Defendant Elliot pushed Young only after Young had refused to be handcuffed and had started yelling at the officers.  The Court has previously found that Defendants' "use of force here was appropriate and necessary to control the situation."  (ECF No. 52.)  Defendants were not negligent and did not breach their duty to care for and protect Young. Defendants' Motion is GRANTED on Young's negligence and negligent failure to protect claims.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion is GRANTED.

SO ORDERED this 26th day of July, 2022.

                                            */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE